NO. 07-04-0345-CV


NO. 07-05-0186-CV


NO. 07-05-0253-CV


NO. 07-05-0311-CV


NO. 07-05-0439-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL13, 2006


______________________________



In re: VIVIAN JACKSON, an Incapacitated Person


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;



NO. 282-1; HON. W. F. "CORKY" ROBERTS, PRESIDING


_______________________________



ORDER DISMISSING APPEALS


 _______________________________


Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)

 Appellants, by and through their attorneys, have moved to dismiss the appeals
numbered above due to all matters having been resolved between the parties. Without
passing on the merits of the cases, we grant the motions pursuant to Texas Rule of
Appellate Procedure 42.1(a)(2) and dismiss the appeals. Having dismissed the appeals
at the request of appellants, no motions for rehearing will be entertained, and our
mandates will issue forthwith.


 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 2005). 



ome from work one afternoon, David Hughes heard a neighbor who
lived a few houses away hollering about a fire. Hughes went to the burning house to assist
and heard his neighbor, Erica Vasquez, accusing Appellant of setting the fire. Erica is
Appellant's stepsister and mother of his two young children. Based on Erica's accusations,
Hughes asked Appellant to "hang around a minute" and wait for law enforcement. 
According to Hughes, Appellant had a knife and threatened to cut him before fleeing. 

 Appellant was indicted for aggravated assault for intentionally and knowingly
threatening Hughes with imminent bodily injury with a knife in retaliation against service by
Hughes as a prospective witness. During the charge conference, defense counsel
objected to the charge and requested an instruction on the lesser included offense of
assault. The objection was overruled, and the request for an instruction was denied.

 By its brief, the State acknowledges that the record contains some evidence raising
the issue of the lesser-included offense of assault and that the requested instruction should
have been submitted to the jury. See Rousseau v. State, 855 S.W.2d 666, 673
(Tex.Crim.App. 1993). See also Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). 
With commendable candor, the State concedes error in the trial court's refusal to include
such an instruction and prays that Appellant's conviction be reversed and the cause
remanded to the trial court for a new trial. Thus, we sustain Appellant's first point of error.

 Finally, we pretermit consideration of Appellant's second point of error pertaining to
improper jury argument. (1) While we are mindful of this contention, our disposition of
Appellant's first point of error eliminates the necessity that we consider the second point. (2) Accordingly, the trial court's judgment in trial court cause number 17,958-A is
reversed and the cause is remanded for a new trial.


 Patrick A. Pirtle

 Justice


 

Do not publish.
1. Appellant's second point of error was addressed by this Court in Appellant's appeal
of his arson conviction in a companion case bearing cause number 07-06-0358-CR.
2. Tex. R. App. P. 47.1.